UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 2:20-CR-111-SPC-MRM

**BRANTLEY SEYMORE**

        **Defendant.**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND REQUEST FOR DOWNWARD VARIANCE**

    The Defendant, Brantley Seymore, by and through his undersigned attorney, hereby files this motion to this Honorable Court in the above-styled cause, respectfully requesting a downward variance to a sentence of 120 months and as grounds therefore states the following:

**BACKGROUND**

    On February 1, 1974, Mr. Seymore was born in Fort Myers, Florida. PSR ¶ 63. His family was very poor—often resulting in the utilities being disconnected. *See id.* Mr. Seymore's father tragically died in 1986 from AIDS. *See id.* Although his death was tragic and soul crushing for Mr. Seymore, Mr. Lucious Seymore was not a good father. He had a history of physically abusing Brenda Seymore (Mr. Seymore's mom) and providing drugs to Mr. Seymore's brother. PSR ¶ 66. The abuse, however, did not end with Mr. Lucious Seymore's death. His mom's new boyfriend—

Johnny Knight—also physically abused Ms. Seymore. *See id.* Mr. Seymore struggled with the lack of positive male role models in his home and in his neighborhood. *See id.* Mr. Seymore sought out male role models in the community. *See id.* Unfortunately, these individuals were frequently drug dealers. *See id.*

Mr. Seymore also suffered through numerous traumatic events in his childhood including witnessing multiple murders and being sexually abused. *PSR* ¶ 67. The trauma and abuse led Mr. Seymore to use drugs to cope with his pain. *See id.* Recently, Mr. Seymore has been treated by Dr. Mark A. Lokitus, DO and Alannah Keisling for mental health issues. PSR ¶ 83. He has been diagnosed with Bipolar Disorder and Post-Traumatic Stress Disorder. *See id.* Mr. Seymore has been diligent about attending his mental health treatment. PSR ¶ 85. The purpose of his treatment plan is to reduce his Bipolar II symptoms so that his daily functioning is not impaired and the negative impacts of his PTSD are minimized. *See id.* It is likely Mr. Seymore has suffered from these symptoms for a very long time since he withdrew from high school as a senior because he was scared to walk across the stage at graduation. PSR ¶ 93.

Despite his missteps with the law, Mr. Seymore has been a dedicated father. His wife Stephanie described him as "a great man, father, and husband." PSR ¶ 75. Mr. Seymore is particularly close with his seventeen-year old daughter Brandy. *See id.* Brandy has suffered from anxiety during the pendency of Mr. Seymore's case, which has manifested itself in declining grades. *See id.* Mr. Seymore greatly regrets the time that he will lose with his two year old son as a result of the instant case. PSR ¶ 19. Mr. Seymore knows the pain that his absence from his children's lives can cause since

his daughter Brakedra Seymore resented her father's absence in her early life when he was previously incarcerated. PSR ¶ 71. In a life filled with tragedies, Mr. Seymore has had to endure the grueling rehabilitation of his 14 year old daughter Trade-Dra Jackson who was severely injured in a 2006 car accident. PSR ¶ 72. Ms. Jackson has since had 25 surgeries and still cannot use her left hand or walk on one her legs. *See id.* There is no question that Mr. Seymore's children will suffer as a result of his actions in this case.

## MEMORANDUM OF LAW

**I.     SENTENCING GUIDELINES**

The United States Probation Office believes that Mr. Seymore's total adjusted offense level for counts one is 29, criminal history category VI. PSR ¶ 113. Mr. Seymore's advisory sentencing guideline range is 151 months to 188 months. *See id.* Mr. Seymore objects to United States Probation's calculation of the advisory sentencing guideline range. Per Mr. Seymore's objections, Mr. Seymore submits that he should not be a career offender. PSR pg. 29-30. However, Mr. Seymore acknowledges that there is binding Eleventh Circuit precedent which rejects Mr. Seymore's objection. Thus, Mr. Seymore continues his objection for preservation purposes.

**II.    REQUEST FOR A DOWNWARD VARIANCE**

    **A.     *Booker* and 3553 Factors**.

In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), the Eleventh Circuit adopted a two-step sentencing procedure in *United States v. Tally*, 431 F.3d 784, 786 (11th Cir. 2005). "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. *Id.* (*citing United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Second, the Court must consider the factors enumerated at 18 U.S.C. § 3553(a). *Id.*

As explicitly recited by *Talley*, *supra*, and as further delineated in *Rita v. United States*, 551 U.S. 338, 364-65 (2007), the § 3553(a) factors are:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for deterrence;

(4) The need to protect the public;

(5) The need to provide the defendant with necessary educational training, vocational training and medical care;

(6) The kinds of sentences available;

(7) The Sentencing Guideline range;

(8) Pertinent policy statements of the Sentencing Commission;

(9) The need to avoid unwarranted sentencing disparities; and

(10) The need to provide restitution to victims.

"The statute, as modified by *Booker*, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than

4

necessary,' to achieve the goals of sentencing[.]" *Kimbrough*, 552 U.S. 85, 101 (2007); *See United States v. Pugh*, 515 F.3d 1179, 1188-89 (11th Cir. 2008) (3553(a) factors guide the district court's sentence and the appellate court's review of that sentence); *United States v. Onofre-Segarra*, 126 F.3d 1308, 1309 (11th Cir. 1997) *cert. denied* 522 U.S. 1142 (1998). "In sum, while the statute still requires the Court to give respectful consideration to the Guidelines (cites deleted), *Booker* 'permits the Court to tailor the sentence in light of other statutory concerns as well.'" *Kimbrough, supra* (*quoting Booker*, 543 U.S. at 245-46); *United States v. Williams*, 435 F.3d 1350, 1354 n.2 (11th Cir. 2006).

> **B.  The History and Characteristics of Mr. Seymore, the Need for Just Punishment, and the Need for Mental Health Treatment**
>
>> **1.  Mr. Seymore's Brutal Childhood and Resulting Mental Health Issues Justify a Variance.**

Mr. Seymore witnessed physical abuse of his mother. Mr. Seymore suffered through being sexual abuse. Mr. Seymore witnessed murders in his neighborhood. The result of this trauma is Mr. Seymore suffers from Bipolar Disorder and Post-Traumatic Stress Disorder. PSR ¶ 82. Mr. Seymore has actively sought out treatment and diligently followed his doctors' treatment plan. PSR ¶ 85. It is likely that Mr. Seymore has suffered from these mental health disorders for a very long time. His fear of walking across the stage at his high school graduation—which resulted in him withdrawing from school—is the first time his mental health issues manifested in a manner which was harmful to his long-term success. Nevertheless, it is likely that his mental health issues have negatively impacted him in his education, work, and family life for a very long time. Mental health treatment in prison will go a long way

5

towards rehabilitating him. A sentence of 120 months would be sufficient for Mr. Seymore to receive substantial mental health treatment and punishment, but also take into consideration that Mr. Seymore was suffering multiple mental health disorders at the time of the commission of the offense.

### 2. Mr. Seymore's Two Prior Career Offender Predicates Could Have Been Brought as One Case in Federal or State Court; Thus, Preventing him from being a Career Offender.

On December 3, 2012, Mr. Seymore pled guilty to Distribution of a Mixture or Substance Containing a Detectable Amount of Heroin and Aiding and Abetting the Distribution of a Mixture or Substance Containing a Detectable Amount of Cocaine Base in United States District Court for the Middle District of Florida, Fort Myers, Florida. PSR ¶ 49. On December 10, 2012, Mr. Seymore pled *nolo contendere* to cocaine possession with intent to sell manufacture deliver etc. in Lee County Circuit Court. PSR ¶ 48. Based on the fickle finger of fate, State Court elected to pick up one of Mr. Seymore's drug distribution cases. Federal Court elected to pick up his other drug distribution case. As a result, per current Eleventh Circuit law, Mr. Seymore is a career offender. However, if both cases remained in State Court or were both brought to Federal Court, it is possible that the two cases would have remained together, and Mr. Seymore would only have one predicate. Thus, he would not be a career offender and would be looking at a range of 30 to 37 months. PSR pg. 26 (Doc. 37). A sentence of 120 months takes into consideration the fact that Mr. Seymore could easily not be a career offender if his predicates were prosecuted differently, while also taking into consideration the need for a significant punishment.

6

### III. Conclusion.

For the foregoing reasons, Mr. Seymore would respectfully request a sentence of 120 months, with mental health treatment, drug treatment, and any and all job training.

    Respectfully submitted,

    JAMES T. SKUTHAN
    Acting Federal Defender

    /s/ *G. Ellis Summers, Jr.*
    G. ELLIS SUMMERS, JR.
    Florida Bar No.0815691
    Assistant Federal Defender
    2075 West First Street, Suite 300
    Ft. Myers, Florida 33901
    Telephone: 239-334-0397
    Fax:  239-334-4109
    E-Mail: ellis_summers@fd.org

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of May, 2021, the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Michael V. Leeman, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

    /s/ *G. Ellis Summers, Jr.*
    G. ELLIS SUMMERS, JR.
    Assistant Federal Defender