IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

_____ )
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
Vs.                              )Case No.:  2:20-cr-111-SPC-MRM
                                 )
BRANTLEY SEYMORE,                )
                                 )
          Defendant.             )
_____ )

**CHANGE OF PLEA HEARING PROCEEDINGS**
**BEFORE THE HONORABLE MAC R. MCCOY**

**February 9, 2021**
**1:31 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**  MICHAEL V. LEEMAN, ESQUIRE
                        United States Department of Justice
                        Office of the United States Attorney
                        2110 First Street, Suite 3-137
                        Fort Myers, Florida 33901

**FOR THE DEFENDANT:**  GEORGE ELLIS SUMMERS, JR., ESQUIRE
                        Federal Public Defender's Office
                        2075 West First Street, Suite 300
                        Fort Myers, Florida 33901




**COURT REPORTER:**     Stacey E. Raikes, RMR, CRR
                        2110 First Street, Suite 2-163
                        Fort Myers, Florida 33901



**ALSO PRESENT:**  BRANTLEY SEYMORE, DEFENDANT

Proceedings previously digitally recorded and subsequently
reported and transcribed by computer-aided stenography.

                    P R O C E E D I N G S

1                   (Court called to order.)

2           THE DEPUTY CLERK:  Good afternoon, Your Honor.

3    Calling case number 2:20-cr-111-SPC-MRM:  The United States of

4    America versus Brantley Seymore.

5           MR. LEEMAN:  Good afternoon.  Michael Leeman on

6    behalf of the United States.

7           THE COURT:  Good afternoon.

8           MR. SUMMERS:  Good afternoon, Your Honor.  Ellis

9    Summers on behalf of Brantley Seymore.

10          THE COURT:  Good afternoon.

11          Good afternoon, Mr. Seymore.

12          THE DEFENDANT:  Good afternoon, sir.

13          THE COURT:  As I understand it, we're here for the

14   change of plea, Mr. Seymore intending to plead guilty to count

15   one of the indictment without the benefit of a plea agreement;

16   do I have the posture correct, Mr. Summers?

17          MR. SUMMERS:  Yes, Your Honor.

18          THE COURT:  Mr. Seymore, sir, in a moment, my

19   courtroom deputy clerk is going to place you under oath.  I

20   tell you this, sir, because it's very important that you

21   understand the consequences of taking the oath this morning.

22   Or this afternoon.

23          Madam Deputy, I just want to make sure we're good to

24   go?

1          (Pause.)

2          THE COURT:  I believe the mics are live.  Okay, let's

3    try that again.

4          Mr. Seymore, in a moment, my courtroom deputy clerk

5    is going to place you under oath.  I'm telling you this, sir,

6    because it's very important that you understand the

7    consequences of taking the oath this afternoon.  If, in

8    responding to any of my questions today, you should provide any

9    false or misleading information or answers, you could be

10   charged with additional crimes such as perjury or obstruction

11   of justice.  Those crimes would carry additional penalties

12   beyond any other penalties you are facing in this case.

13         Sir, do you understand these things?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  At this time, sir, would you please

16   stand?

17         Madam Deputy, please administer the oath.

18         THE DEPUTY CLERK:  Please raise your right hand.

19         Do you solemnly swear or affirm that the answers you

20   will give during these proceedings will be the truth, the whole

21   truth, and nothing but the truth?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  You may have a seat, sir.  Thank you.

24         Mr. Seymore, let's start with this:  Would you please

25   state your full and complete name for the record?

1          THE DEFENDANT:  Brantley Demond Seymore.

2          THE COURT:  Would you spell your middle name for me,

3    please, sir?

4          THE DEFENDANT:  D-E-M-O-N-D.

5          THE COURT:  Sir, it's my understanding that you wish

6    to plead guilty to count one of the indictment against you

7    without the benefit of a plea agreement; is that correct?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Mr. Seymore, the purpose of this hearing

10   this afternoon is to allow me to ask you questions about your

11   decision to plead guilty so that I can ensure that your

12   decision is being made knowingly and voluntarily and that

13   there's a factual basis for your plea.  So I'm going to have a

14   number of questions for you, but also some questions for your

15   attorney and for the government's attorney.

16          Sir, it's very important that you understand

17   everything we're going to discuss this afternoon.  If you do

18   not understand something, you should feel free to interrupt me

19   and let me know so that either you or your lawyer can explain

20   it to you.  Additionally, sir, because we're all wearing face

21   masks, if at any point you don't understand or hear something

22   that's been heard, you can ask anyone to repeat it and you

23   should feel free to do so at any time.

24          Also, sir, I want to make sure that you understand

25   that you have the ability to speak privately with Mr. Summers

1    at any point during this afternoon's hearing.  If you want to

2    speak privately with him, all you have to do is let me know and

3    I'll be happy to take a break and give you as much time as you

4    need to speak privately with your lawyer.

5             Sir, do you understand all these things?

6             THE DEFENDANT:  Yes, sir.

7             THE COURT:  Mr. Leeman, for the record, does the

8    Crime Victims' Rights Act apply?  And, if so, has the

9    government complied with it?

10            MR. LEEMAN:  It does not apply, Your Honor.

11            THE COURT:  Thank you.

12            Mr. Seymore, before we go any further, I need to

13   explain to you that if, at the end of this hearing, you do

14   decide to enter a plea of guilt and your plea is accepted by

15   the Court, it will become very difficult, if not impossible,

16   for you to later change your mind.  Do you understand that?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  Now, sir, at this time, I need to ask you

19   some questions that you may consider to be personal in nature.

20   I'd like you to understand the reason I'm asking you these

21   questions is to ensure for the record that you are competent to

22   enter a plea of guilt today.

23            Do you understand what I mean by that?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  Okay.  So let's start with this:  How old

1    are you?

2                THE DEFENDANT:  Forty-seven.

3                THE COURT:  How far did you go in school?

4                THE DEFENDANT:  The 12th grade.  I got my GED.

5                THE COURT:  I assume you can read, write, and

6    understand the English language?

7                THE DEFENDANT:  Yes, sir.

8                THE COURT:  Are you under the influence of any drugs,

9    alcohol, medication, or other intoxicant?

10                THE DEFENDANT:  No, sir.

11                THE COURT:  In the past 24 hours, have you taken any

12    drugs or any medication of any kind?

13                THE DEFENDANT:  Only high blood -- only high blood

14    pressure.

15                THE COURT:  Do you know the name of that medication,

16    sir?

17                THE DEFENDANT:  Amlodipine, Lopressor, and -- well, I

18    take three.  I take three blood pressures and one cholesterol.

19    I don't know the other one offhand right now.

20                THE COURT:  That's okay.

21                Were those medications prescribed to you by a

22    licensed medical practitioner?

23                THE DEFENDANT:  Yes, sir.

24                THE COURT:  Are you under the care of a licensed

25    medical practitioner for each of those conditions you

1  mentioned?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Sir, is there any anything at all about

4  that medication you took in the last 24 hours or the underlying

5  conditions for which you're taking that medicine that would

6  cause you to be unable to think clearly, to concentrate, or to

7  understand these proceedings here today?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Other than the medications you mentioned,

10 sir, have you taken any other medications or drugs of any kind

11 in the last 24 hours?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Have you ever been treated for or

14 suffered from any mental or emotional disease or illness?

15         THE DEFENDANT:  I just been currently being treated

16 for bipolar, bipolar and PTS.

17         THE COURT:  I'm sorry, that's bipolar and PTSD?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  And you're under the care of a medical

20 practitioner for those conditions?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Other than those two conditions you

23 mentioned, have you ever been treated for or suffered from any

24 other mental or emotional diseases or illnesses?

25         THE DEFENDANT:  No, sir.

1          THE COURT:  Sir, is there anything at all about those

2     conditions that you mentioned for which you're currently

3     receiving treatment that would prevent from you thinking

4     clearly, from concentrating, or from understanding these

5     proceedings here today?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Are you able to think clearly at this

8     time?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Are you able to concentrate at this time?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Are you able to understand these

13    proceedings here today?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you know where you're at right now?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you know what you're here to do?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  And do you know the importance of this

20    proceeding for your case?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Mr. Summers, do you have any concerns

23    regarding your client's competency to enter a plea at this

24    time?

25         MR. SUMMERS:  No, Your Honor.

1    THE COURT:  Mr. Leeman, does the government have any

2    additional questions it would like me to ask on the issue of

3    competency?

4    MR. LEEMAN:  No, Your Honor.

5    THE COURT:  The Court finds Mr. Seymore competent to

6    enter a plea of guilt today, if he chooses to do so.

7    Mr. Seymore, it's very important that you understand

8    that I am a United States Magistrate Judge.  Sir, your case is

9    assigned to District Judge Sheri Polster Chappell.  You have

10   the right to have your guilty plea taken directly by the

11   District Judge or you can agree to allow me to take your guilty

12   plea today as the assigned Magistrate Judge in your case.

13   Sir, if you agree to allow me to take your guilty

14   plea today, the District Judge will still be the one who

15   decides whether to accept your guilty plea, and if the District

16   Judge accepts your guilty plea, she will be the one who imposes

17   the sentence against you in this case.  I will not be the judge

18   who imposes the sentence against you in this case.  Sir, if you

19   agree to allow me to take your guilty plea today, you will be

20   waiving and giving up your right to have your guilty plea heard

21   directly by the District Judge.

22   Mr. Seymore, I have a form here on the bench, a form

23   that appears to have been signed by you and by your counsel,

24   and this form was filed at docket entry number 27 in this case.

25   And, in this form, you agree to allow me to take your guilty

1     plea today.  Sir, did you sign this form?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Before you signed the form, did you read

4     it?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  And, before you signed the form, did you

7     discuss with your attorney your right to have your guilty plea

8     heard directly by the District Judge?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Mr. Summers, for the record, is that also

11     your signature appearing on the waiver and consent form on page

12     2 at docket entry number 27?

13          MR. SUMMERS:  Yes, Your Honor.

14          THE COURT:  Mr. Seymore, did anyone force you,

15     threaten you, coerce you, intimidate you, or promise you

16     anything to get you to agree to proceed before a Magistrate

17     Judge today?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  Is it your independent decision to

20     consent to proceed before a Magistrate Judge today?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  I find Mr. Seymore's waiver and consent

23     are made knowingly, freely, intelligently, and voluntarily, and

24     I will, therefore, go forward with the plea colloquy.

25          Mr. Seymore, the Court must advise you that you have

certain rights in connection with this case.  Sir, you have the right to be represented by an attorney at the trial and every stage of these criminal proceedings, whether or not you can afford one.  That right continues whether you plead guilty or not guilty.  You have the right to plead not guilty and to maintain that plea.  If you maintain a plea of not guilty, you would have the following rights under the constitution and the laws of the United States:

You would have the right to a speedy and public trial and to be tried by a jury of 12 persons or by the District Judge if you waive a jury trial.  Sir, if you are tried by a jury, all 12 of the jurors would have to unanimously agree on your guilt before you could be convicted.  Sir, you are presumed innocent and, before you could be found guilty, the burden of proof is on the United States to prove your guilt by competent and sufficient evidence beyond a reasonable doubt.  You do not have to prove that you are innocent.

At your trial, the witnesses for the United States would have to come to court and testify in front of you.  You would have the right to confront those witnesses against you.  That means you have the right to see, hear, question, and cross-examine them.

Mr. Seymore, you have a right to present evidence and to present witnesses of your own.  If any witness refuses to appear voluntarily, the Court could enter orders to make them

1    appear.  That means the Court could compel their attendance.

2          Sir, you have a right to testify on the your trial,

3    but you also have a right not to testify.  That is, you have a

4    right to remain silent.  No one can force you to incriminate

5    yourself.  The choice to testify would be entirely up to you.

6          Mr. Seymore, do you understand your rights as the

7    Court has explained them to you?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you have any questions about anything

10   I've explained so far, sir, including your rights?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  Now, Mr. Seymore, if you plead guilty to

13   count one of the indictment without the benefit of a plea

14   agreement, you will waive and give up those rights I just told

15   you about.  There will not be a trial and, on your guilty plea,

16   the District Judge will find you guilty of the offense charged

17   in count one and will convict you of that offense.

18         Sir, a plea of guilt admits the truth of the charge

19   against you, but a plea of not guilty denies the charge.  Has

20   your attorney explained that difference to you and do you

21   understand the difference between a plea of guilty and not

22   guilty?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Sir, if you choose to plead guilty, you

25   must give up your right not to incriminate yourself because I

1   have to ask you questions about the crime to which you're

2   pleading guilty to satisfy myself that there's a factual basis

3   for your plea.  By pleading guilty, sir, you also waive and

4   give up your right to trial, to confrontation and

5   cross-examination of government witnesses, and to compulsory

6   process for attendance of defense witnesses at trial.  Because

7   there would be no trial in your case, the next proceeding would

8   be the sentencing hearing before the District Judge.

9          Mr. Seymore, you may have defenses to the charge

10  against you, but if you plead guilty, you will waive and give

11  up your right to assert any defenses.  Has your attorney

12  explained to you the defenses you might have?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  By pleading guilty, sir, you also waive

15  and give up your right to challenge the way in which the

16  government obtained any evidence, statement, or confession in

17  your case.  In addition, by pleading guilty, you may lose the

18  right to challenge on appeal any rulings that this Court has

19  made in your case.

20          Sir, do you fully understand all of the rights that

21  you have and the rights that you waive by pleading guilty?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you have any questions about anything

24  I've explained so far?

25          THE DEFENDANT:  No, sir.

1     THE COURT:  Mr. Seymore, by pleading guilty to this

2  felony, you may lose certain civil rights, such as the right to

3  vote, to hold public office, to serve on juries, and to own or

4  possess firearms.  A felony conviction may also prevent you

5  from obtaining or keeping certain occupational licenses.

6  Because the offense to which you are pleading guilty is a drug

7  crime, you may also lose the right to participate in certain

8  federal benefits programs.

9     Sir, do you fully understand these consequences of

10  pleading guilty?

11     THE DEFENDANT:  Yes, sir.

12     THE COURT:  Mr. Seymore, did you receive a copy of

13  the indictment?  That's the written document that sets for the

14  charge against you in this case.

15     THE DEFENDANT:  Yes, sir.

16     THE COURT:  Did your attorney explain the charge to

17  you?

18     THE DEFENDANT:  Yes, sir.

19     THE COURT:  And have you discussed the charge in the

20  case in general with your attorney?

21     THE DEFENDANT:  Yes, sir.

22     THE COURT:  Did your attorney answer all of your

23  questions?

24     THE DEFENDANT:  Yes, sir.

25     THE COURT:  And did you explain everything you know

1    about your case to your lawyer?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Sir, the charge against you in count one

4    to which you intend to plead guilty charges you with possession

5    of a controlled substance with intent to distribute in

6    violation of Title 21 United States Code sections 841(a)(1) and

7    (b)(1)(C).  The charge includes an alleged violation involving

8    a mixture and substance containing a detectable amount of

9    cocaine base, a schedule II controlled substance.

10             Mr. Seymore, sir, do you understand the charge in the

11   indictment to which you intend to plead guilty?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you have any questions about the

14   charge?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Sir, the necessary elements that the

17   government must prove beyond a reasonable doubt for you to be

18   convicted of that offense are as follows:  And, at this time,

19   I'm going to read from a document filed by the government in

20   your case.  This document is titled the Notice of Maximum

21   Penalties, Elements of Offense, Personalization of Elements,

22   and Factual Basis, and was filed by the government in your case

23   at docket entry number 29.

24             Mr. Summers, do you have a copy of the government's

25   with you at counsel table to provide to Mr. Seymore?

1    MR. SUMMERS:  Yes, I do, Your Honor.

2    THE COURT:  Thank you.

3    Mr. Seymore, again, I'm going to be reading at this

4  time from that document your counsel's provided you on page 1

5  under the heading Essential Elements, if you want to follow

6  along.

7    The essential elements of a violation of Title 21

8  United States Code Sections 841(a)(1) and (b)(1)(C), possession

9  of a controlled substance with intent to distribute, which

10  violation involved a mixture and substance containing a

11  detectable amount of cocaine base, a schedule II controlled

12  substance, are as follows:

13    First:  The defendant knowingly and intelligently

14  possessed with intent to distribute a controlled substance; and

15    Second:  The controlled substance was a mixture or

16  substance containing a detectable amount of cocaine base.

17    Mr. Seymore, sir, do you understand the elements of

18  the charge that the United States would have to prove beyond a

19  reasonable doubt for you to be convicted?

20    THE DEFENDANT:  Yes, sir.

21    THE COURT:  Do you have any questions about those

22  elements, sir?

23    THE DEFENDANT:  No, sir.

24    THE COURT:  Now, sir, the crime with which you've

25  been charged in count one and to which you intend to plead

guilty is punishable as follows:  And, at this time, I'm going
to read again from that same document filed by the government
in your case at docket entry number 29, but this time, I'll be
reading from the bottom of page 1 under the heading Penalties
carrying over to the top of page 2, if you want to follow
along.

The potential penalties for the offense charged in
count one of the indictment are a sentence of up to 20 years of
imprisonment, a fine of up to $1,000,000, a term of supervised
release of at least three years up to life, and a special
assessment of $100.

Additionally, as outlined in the indictment, the
defendant must forfeit property pursuant to Title 21 United
States Code Section 853.

In addition, Mr. Seymore, the Court may assess and
require that you pay the cost of your imprisonment, the cost of
your supervised release, and the cost of your probation, if
any.  Sir, the Court is obligated to impose that $100 special
assessment that I mentioned.  If you violated any supervised
release conditions, sir, you would face additional prison time
and supervised release.  If applicable, the District Judge may
order you to pay restitution to any victim of the crime and, as
I mentioned, the District Judge may require you to forfeit
certain property to the United States.

Mr. Leeman, have I accurately stated the maximum

1    penalties associated with count one?

2            MR. LEEMAN:  Yes, Your Honor.

3            THE COURT:  Mr. Summers, same question, sir?

4            MR. SUMMERS:  Yes, Your Honor.

5            THE COURT:  Mr. Seymore, sir, do you understand the

6    maximum penalties that apply under the count to which you

7    intend to plead guilty?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Sir, do you understand that these

10   penalties are the logical consequences of your guilty plea?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Do you have any questions about anything

13   I've explained so far?

14           THE DEFENDANT:  No, sir.

15           THE COURT:  Now, Mr. Seymore, the United States

16   Sentencing Guidelines apply in your case.  Have you discussed

17   the guidelines with your attorney and how they might apply?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  I want to make sure that you understand

20   certain things about how the sentencing process works.  To

21   begin with, as I mentioned earlier, I am not the judge who will

22   preside over your sentencing hearing.  The judge who will

23   preside over your sentencing hearing is District Judge Sheri

24   Polster Chappell.  Judge Chappell will not be able to determine

25   your guideline sentence until after the United States Probation

Office finishes preparing the presentence investigation report for your case.

Mr. Seymore, after the District Judge determines what guidelines apply to your case, she has the right to impose a sentence that is more severe or less severe than the sentence that the guidelines recommend. In fact, she has the authority to impose any sentence up to the maximum allowed by law. In other words, the District Judge is not bound by the sentencing guidelines because the sentencing guidelines are only advisory.

Sir, has your attorney explained to you the various factors the Court can consider in determining a guidelines range in your case, which would include your criminal history, whether there were victims, the role you played in the offense, the amount of any monetary loss, and whether you have accepted responsibility for your act?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Seymore, the United States may appeal the sentence that the District Judge imposes in your case. That means the United States may ask the Court of Appeals to reverse your sentence as being too low or as being based on a guidelines miscalculation. Parole has been abolished and, if the District Judge sentences you to prison, you will not be released on parole.

Mr. Seymore, the sentence that the District Judge imposes in your case may be different than any estimated

sentence that your attorney or anyone else has given you.  In

fact, it might be higher than you expect.  If that happens, you

will still be bound by your guilty plea and you will not have

the right to withdraw it.

Sir, do you understand all these things I just

explained to you about the sentencing process?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any questions?

THE DEFENDANT:  No, sir.

THE COURT:  Mr. Leeman, has your office extended any

prior formal plea offers to Mr. Seymore?

MR. LEEMAN:  No, Your Honor.

THE COURT:  And, Mr. Summers, do you agree with that

representation?

MR. SUMMERS:  Yes, I do, Your Honor.

THE COURT:  To summarize, Mr. Seymore, do you

understand everything we've discussed up to this point,

including your rights, the rights that you give up by pleading

guilty, the charge against you, the potential penalties, the

potential consequences, and the sentencing guidelines?

THE DEFENDANT:  Yes, sir.

THE COURT:  Let me know ask you directly then, sir:

How do you plead, guilty or not guilty, to count one?

THE DEFENDANT:  Guilty.

THE COURT:  At this time, Mr. Seymore, the Court will

hear from the prosecutor a proffer of facts that the United

States must prove beyond a reasonable doubt for you to be

convicted in this case.  Please listen very carefully to

everything the prosecutor is about to say because, when he's

done speaking, I will ask you whether you admit to the facts

he's offered to the Court and whether you admit to doing the

things he says you've done.  It's also important because this

information will be used by the United States Probation Office

when it prepares your presentence investigation report.

Mr. Leeman, when you're ready.

MR. LEEMAN:  Thank you, Your Honor.  And may I

address the Court from the table?

THE COURT:  You may.

MR. LEEMAN:  If the United States proceeded to trial,

it's prepared to prove the following beyond a reasonable doubt:

On May 20, 2020, the Lee County Sheriff's Office was

assisting in the execution of a search warrant at a residence

in North Fort Myers, Florida.  The residence where the search

warrant was being executed was on a residential road ending in

a cul-de-sac.

During the execution of the search warrants,

detectives observed a silver Kia driving near the residence.

When the driver of the Kia noticed law enforcement, he quickly

pulled into a nearby driveway, turned around, and headed out of

the neighborhood.  A neighbor observing the situation alerted

1   law enforcement that the driver was a suspected drug dealer

2   previously observed at the residence where the search was being

3   conducted.

4         Law enforcement then followed the Kia and conducted a

5   traffic stop after observing multiple traffic infractions.  Law

6   enforcement identified the driver and sole occupant as Brantley

7   Seymore.  Mr. Seymore exited the vehicle during the traffic

8   stop and law enforcement observed a plastic baggy stuffed into

9   his shoe containing what appeared to be cocaine base.  The

10  plastic bag contained approximately 50 smaller ziplock bags

11  each containing an amount of cocaine base as later confirmed by

12  a forensic chemist with the Drug Enforcement Administration.

13        Mr. Seymore intended to distribute that cocaine base

14  to others as evidenced by the manner the substance was packaged

15  and the amount possessed.

16        Your Honor, we are also relying on the factual basis

17  as set forth within docket entry number 29, the government's

18  filing there.

19        THE COURT:  Thank you.

20        Mr. Summers, are there any objections to the facts

21  summarized by the prosecutor here today or as set forth in the

22  factual basis section of the government's notice at docket

23  entry number 29?

24        MR. SUMMERS:  No, Your Honor.

25        THE COURT:  Thank you.

1      Mr. Seymore, sir, did you hear everything the

2 prosecutor just said?

3      THE DEFENDANT:  Yes, sir.

4      THE COURT:  Sir, do you admit that all of the facts

5 the prosecutor just offered are true?

6      THE DEFENDANT:  Yes, sir.

7      THE COURT:  Do you admit to doing all the things he

8 says you've done?

9      THE DEFENDANT:  Yes, sir.

10      THE COURT:  Sir, as I mentioned earlier, in order for

11 the Court to accept your guilty plea, I have to ask you

12 questions about the crime to which you're pleading guilty to

13 satisfy myself that there's a factual basis for your plea, and

14 I do have some more specific questions for you now:

15      Sir, do you admit that, on or about May 20, 2020, as

16 charged in the indictment, you knowingly and intentionally

17 possessed with intent to distribute a controlled substance

18 containing a detectable amount of cocaine base, a schedule II

19 controlled substance?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  Sir, do you also admit that the

22 controlled substance was a mixture or substance containing a

23 detectable amount of cocaine base?

24      THE DEFENDANT:  Yes, sir.

25      THE COURT:  And do you admit to doing these things in

1   Lee County, Florida, sir?

2             THE DEFENDANT:  Yes, sir.

3             THE COURT:  Based on the unobjected to facts

4   summarized by the prosecutor here today and the unobjected to

5   facts set forth in the factual basis section of the

6   government's notice at docket entry number 29, as well as

7   Mr. Seymore's responses to the Court's direct questions on the

8   record under oath today all state the essential elements of the

9   offense to which he has pled guilty in count one of the

10  indictment, the Court further finds that there's an independent

11  factual basis for a finding of guilt to enter the plea.

12            Mr. Seymore, sir, are you pleading guilty freely and

13  voluntarily and because you believe it is in your best

14  interests to do so?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  Sir, are you pleading guilty because you

17  are guilty?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  Has anyone threatened you, forced you,

20  coerced you, or intimidated you in any way regarding your

21  decision to plead guilty?

22            THE DEFENDANT:  No, sir.

23            THE COURT:  Has anyone made any promises or

24  assurances to you of any kind to induce you to plead guilty?

25            THE DEFENDANT:  No, sir.

1            THE COURT:  Are you relying on any agreement,

2     discussion, promise, or understanding with anyone about what

3     sentence will be imposed if you plead guilty?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  At this time, sir, do you know what

6     sentence you will receive?

7            THE DEFENDANT:  No, sir.

8            THE COURT:  Has anyone promised you that you will

9     receive a light sentence or be rewarded for pleading guilty?

10            THE DEFENDANT:  No, sir.

11            THE COURT:  Counsel, do you each assure the Court

12     that, as far as you know, no assurances, promises, or

13     understandings have been given to Mr. Seymore as to the

14     disposition of this case?

15            Mr. Leeman?

16            MR. LEEMAN:  Yes, Your Honor.

17            THE COURT:  Mr. Summers?

18            MR. SUMMERS:  Yes, Your Honor.

19            THE COURT:  Mr. Seymore, you are represented by

20     Mr. Summers of the Office of the Federal Public Defender.  Have

21     you discussed your case fully with him and explained everything

22     you know about your case to him?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Have you had enough time to talk with

25     your attorney?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  Is there anyone else you want to talk to

3    about your case before you enter a guilty plea?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  Has your attorney done everything you've

6    asked him to do for your case before your decision to enter a

7    guilty plea today?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Are you satisfied with your attorney and

10    the way he has represented you?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  Do you have any complaints about the way

13    your attorney has represented you?

14            THE DEFENDANT:  No, sir.

15            THE COURT:  Do you have any complaints about the way

16    you have been treated by the Court or anyone else?

17            THE DEFENDANT:  No, sir.

18            THE COURT:  Has anyone coached you or suggested that

19    you answer untruthfully to any of the questions I've asked you

20    today?

21            THE DEFENDANT:  No, sir.

22            THE COURT:  Have you told the truth today?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Mr. Seymore, do you fully understand all

25    the rights and procedures that you waive and give up by

1  pleading guilty?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And, having heard everything I've said,

4  sir, is it your final desire to plead guilty on count one of

5  the indictment without the benefit of a plea agreement?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Now is your last chance, Mr. Seymore --

8          THE DEFENDANT:  Excuse me.

9          THE COURT:  No worries.

10          Now is your last chance, Mr. Seymore, to speak up or

11  to ask any questions you may have before I make my

12  recommendation.  Is there anything you'd like to say or

13  anything you'd like to ask?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  Mr. Leeman, is the United States

16  satisfied with the colloquy?

17          MR. LEEMAN:  Yes, Your Honor.

18          THE COURT:  Mr. Summers, is the defense satisfied

19  with the colloquy?

20          MR. SUMMERS:  Yes, Your Honor.

21          THE COURT:  And, Mr. Summers, are you satisfied that

22  your client knows what he's charged with, that you have had

23  sufficient time to counsel with your client, and that he is

24  pleading guilty freely and voluntarily with full knowledge of

25  the consequences of his plea?

1          MR. SUMMERS:  Yes, Your Honor.

2          THE COURT:  Mr. Seymore, sir, please listen very

3     carefully to my findings because, when I'm done speaking, I'll

4     ask you if you agree with everything I've said.

5          I find that you, Brantley Demond Seymore, the person

6     identified in the indictment as Brantley Seymore, are now alert

7     and intelligent, that you understand the nature of the charge

8     against you and the possible penalties, and that you appreciate

9     the consequences of pleading guilty.

10          I also find that the facts that the United States is

11     prepared to prove and which, by your guilty plea, you admit,

12     based on the unobjected to facts summarized by the prosecutor

13     here today and the unobjected to facts set forth in the factual

14     basis section of the government's notice at docket entry number

15     29, as well as your responses to the Court's direct questions

16     on the record under oath today, all state the essential

17     elements of the offense to which you have pled guilty in count

18     one.

19          I further find that your decision to plead guilty is

20     freely, voluntarily, knowingly, and intelligently made and that

21     you have had the advice and counsel of a competent attorney

22     with whom you say you are satisfied.

23          Sir, do you agree with all those findings?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  I will make a written report to the

1    District Judge recommending that she accept your guilty plea.

2    Sir, ordinarily, you would have 14 days to object to

3    my recommendation or you can waive that period.  Your counsel

4    and counsel for the government have both filed waivers of that

5    14-day period.

6    As I indicated earlier, Mr. Seymore, the United

7    States Probation Office will prepare a presentence

8    investigation report to help the District Judge determine a

9    reasonable sentence in your case.  Sir, you will be required to

10   provide information for that report.  Your attorney may be

11   present during your presentence receiving report interview by

12   the United States Probation Office.  You and your attorney --

13   excuse me.  Your attorney will represent you in the preparation

14   of that report at sentencing.  You and your attorney will be

15   given an opportunity to speak on your behalf at the sentencing

16   hearing and you and your attorney will be permitted to read the

17   presentence investigation report before the sentencing hearing

18   and to make objections to it, if you have any objections.

19   Sir, your sentencing will be set in approximately 75

20   to 90 days and will be set by separate notice from the District

21   Judge.

22   Mr. Summers, I am to inquire whether Mr. Seymore will

23   consent to proceed with sentencing by video conference, but

24   under the circumstances, I assume he's asking for the

25   sentencing in person?

```
1              MR. SUMMERS:  Yes, Your Honor.

2              THE COURT:  Very well.  My report and recommendation

3    to the District Judge will reflect that Mr. Seymore has

4    requested an in-person sentencing hearing.

5              I see that Mr. Seymore is currently on conditions of

6    pretrial release.  Is there any basis for revisiting that at

7    this time, Mr. Leeman?

8              MR. LEEMAN:  No, Your Honor.

9              THE COURT:  Mr. Summers?

10             MR. SUMMERS:  No, Your Honor.

11             THE COURT:  Mr. Seymore, sir, I remind you of your

12   obligation to continue complying with the conditions of your

13   pretrial release.

14             Unless there's anything further, we'll be in recess.

15             Anything further from the government?

16             MR. LEEMAN:  No thank you, Your Honor.

17             THE COURT:  Thank you.

18             Anything further from the defense?

19             MR. SUMMERS:  No, Your Honor.  Thank you.

20             THE COURT:  Thank you.  We're in recess.

21             (Proceedings were concluded at 2:01 p.m.)

22                   * * * * * * * * *

23

24

25
```

```
1                    CERTIFICATE OF REPORTER

2

3   UNITED STATES DISTRICT COURT )

4   MIDDLE DISTRICT OF FLORIDA   )

5

6        I, Stacey E. Raikes, RMR, CRR, Official Court

7   Reporter for the United States District Court, Middle District

8   of Florida, do hereby certify, pursuant to Section 753, Title

9   28, United States Code, that I was authorized to and did

10  stenographically report the foregoing proceedings; and that the

11  foregoing pages constitute a true and complete computer-aided

12  transcription of my original stenographic notes taken by the

13  undersigned in the above-entitled matter to the best of my

14  knowledge, skill, and ability.

15       I further certify that I am not a relative, employee,

16  attorney, or counsel of any of the parties, nor am I a relative

17  or employee of any of the parties' attorneys or counsel

18  connected with the action, nor am I financially interested in

19  the action.

20       IN WITNESS WHEREOF, I have hereunto set my hand at Fort

21  Myers, Lee County, Florida, this 20th day of July 2021.

22

23

24  _____
         STACEY E. RAIKES, RMR, CRR
25           Official Court Reporter
```