UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No: 2:20-cr-111-SPC-NPM

BRANTLEY SEYMORE

## **OPINION  AND ORDER**

Before the Court are Defendant Brantley Seymore's pro se Motion for
Reduction In Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. §
1B1.10 (Doc. 65), the United States Probation Office's Memorandum  (Doc. 72),
and  a  Notice  That  the  Federal  Defender's  Office  Has  Satisfied  the
Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 75).  For
the following reasons, the Court denies the motion.

In  June  2021,  the  Court  sentenced  Defendant  to  151  months'
imprisonment on a drug-related charge.  (Doc. 45).  In the motion, Defendant
states that he had 11 criminal history points at the time of sentencing and a
criminal  history  category  VI.   (Doc.  65  at  4).   He  argues  that  applying
Amendment 821 requires a one-point reduction and a criminal history category
of V.  This reduction would result in a sentencing range of 140–175 months'
imprisonment.  He requests a sentence reduction to 140 months.

It used to be that a defendant who committed the instant offense while
under any criminal justice sentence, including probation, parole, supervised

release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

Despite Defendant's arguments, he is not entitled to a sentence reduction. As the Probation Office explains, although Defendant was assessed criminal history points including status points, his amended guidelines range would not change. Defendant was originally assessed eleven criminal history points (including status points). However, the Court determined Defendant was a career offender, making his criminal history category a VI. Amendment 821, Part A, would not change the career offender designation or the criminal history category.

The Federal Defender agrees with Probation's assessment. (Doc. 75 at 2). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that she will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. The Federal

2

Defender states that she will notify Defendant of his position and move to terminate her representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because Defendant is a career offender, his criminal history category would not change, and thus he is ineligible for a reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Brantley Seymore's pro se Motion for Reduction In Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.10 (Doc. 65) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on June 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3