UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 2:20-cr-111-SPC-NPM

BRANTLEY SEYMORE

## OPINION AND ORDER

Before the Court is Defendant Brantley Seymore's pro se motion for compassionate release. (Doc. 70). The United States responded in opposition. (Doc. 71). For the following reasons, the Court denies the motion.

### Background

On February 9, 2021, Defendant pled guilty to one count of possession with intent to distribute a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 31). On June 7, 2021, the Court sentenced Defendant to a term of 151 months' imprisonment, followed by a three-year term of supervised release. (Doc. 45). The Court applied the career offender enhancement when it sentenced Defendant. *See* U.S.S.G. § 4B1.1.

Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Coleman Low in the Middle District of Florida. *See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on June 15, 2026). He is 52 years old and scheduled to be released on December 16, 2032.

*See id.* Defendant moves for compassionate release under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A). (Doc. 70).

## Legal Standard

"The law is clear that [a] district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015)). One such statute is 18 U.S.C. § 3582(c)(1)(A), which concerns compassionate release. A court may grant compassionate release if (1) "an extraordinary and compelling reason exists," (2) "a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," *and* (3) the "[18 U.S.C.] § 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

A defendant seeking compassionate release "bears the burden of proving entitlement to [such] relief." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). And a defendant moving a court for compassionate release may do so only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

2

of the defendant's facility, whichever is earlier." *United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

## Analysis

The Court first addresses whether an extraordinary and compelling reason exists justifying compassionate release.[1] Defendant relies on the "catch-all provision" of U.S.S.G. § 1B1.13(b)(5), "which provides that extraordinary and compelling reasons may exist if the defendant presents any other circumstance or combination of circumstances that . . . are similar in gravity" to the preceding four circumstances explicitly recognized by the commission.[2] *United States v. Joseph*, No. 12-60110-CR, 2024 WL 4341964, at *4 (S.D. Fla. May 15, 2024) (internal citations omitted). The recognized circumstances are (1) the defendant's medical condition, (2) the defendant's age, (3) the defendant's family circumstances, or (4) the defendant was a victim

---

[1] The government agrees that Defendant demonstrates exhaustion of administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (Doc. 71 at 4). Therefore, the Court may consider the merits of Defendant's motion.

[2] Defendant also asks for compassionate release because of "changes in sentencing law" and the "unusually long nature of his sentence." (Doc. 70 at 13–15). He acknowledges that he may not seek compassionate release under the guidelines provision dedicated to unusually long sentences, U.S.S.G. § 1B1.13(b)(6), as he has not served at least 10 years of his sentence. (*See id.*). Yet, he argues that "changes in law" would result in a lower sentence being imposed today, and that should factor in under the analysis for U.S.S.G. § 1B1.13(b)(5). The Eleventh Circuit has stated in an unpublished opinion that arguments like the one Defendant offers are improper. *See United States v. Curtis*, No. 24-11627, 2024 WL 4616105, at *5 (11th Cir. 2024) (noting that "[defendant's] arguments about changes of law are not proper considerations under U.S.S.G. § 1B1.13(b)(5)") (citing U.S.S.G. § 1B1.13(c)). Regardless, the Court agrees with the government that the various changes referenced by Defendant have no bearing on his guidelines range. (Doc. 71 at 7). So, the Court rejects Defendant's arguments regarding the length of his sentence and changes in the law as considerations under U.S.S.G. § 1B1.13(b)(5).

of abuse while in custody. *See id.* (citing U.S.S.G. §§ 1B1.13(b)(1)–(4)). The "other circumstances" Defendant offers are a combination of his rehabilitation while incarcerated, his family circumstances, and "previously undiagnosed Bipolar II Disorder and [PTSD]." (Doc. 70 at 8, 9). For the reasons below, these circumstances, considered individually or collectively, are not extraordinary and compelling.

First, the Court addresses Defendant's purported rehabilitation. Defendant submits that he has exhibited "exemplary rehabilitation" through his various educational achievements, and states he has "an unblemished disciplinary record while incarcerated." (Doc. 70 at 8). The government disagrees with Defendant's characterization regarding his disciplinary record, and attaches a record indicating Defendant faced discipline for being caught with a contraband cellphone. (Doc. 71-1). The Court credits the government's assertion, but even if Defendant possessed a spotless record, it does not change the analysis regarding his rehabilitation.

Rehabilitation by itself is not an extraordinary and compelling reason that may justify a sentence reduction. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). That said, the Court may consider Defendant's rehabilitation in combination with other circumstances when determining whether and to what extent a sentence reduction is warranted. *See* U.S.S.G. § 1B1.13(d). The Court finds that Defendant's efforts at rehabilitation, while admirable, do not justify

4

release, even when considered with other factors. Defendant fails to show his rehabilitation is similar in gravity to the enumerated extraordinary circumstances in U.S.S.G. §§ 1B1.13(b)(1)–(4). So the Court rejects Defendant's rehabilitation, even when viewed with other circumstances, as a basis to grant compassionate release.

Now the Court moves to Defendant's family circumstances. Defendant argues two family circumstances warrant compassionate release. First, Defendant contends that he should be released so he can be at home with his 16-year-old son, whose educational performance has worsened since Defendant's incarceration. (Docs. 70 at 9, 70-1 at 6). Defendant also requests compassionate release so he can assist his elderly mother with medical appointments, transportation, and other household tasks. (Docs. 70 at 9, 70-1 at 8). While the Court understands these circumstances present challenges to Defendant's family, they do not merit compassionate release.

The sentencing guidelines specify that "family circumstances" constituting an extraordinary and compelling reason to support compassionate releases refers to "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. §§ 1B1.13(b)(3)(B)–(C). The circumstances Defendant describes are not "similar

5

in gravity" to the foregoing circumstances under U.S.S.G. § 1B1.13(b)(5).[3] While he identifies family members who request his support, both the nature of their issues and the availability of other caregivers show the circumstances are not extraordinary and compelling.  So the Court rejects Defendant's family circumstances as a basis to grant compassionate release.

The Court turns to Defendant's arguments regarding his medical condition.  Defendant asserts that he suffers from bipolar II disorder as well as post-traumatic stress disorder, and that these conditions were not disclosed to the Court at the time of sentencing.  (Doc. 70 at 9).  He further states that these conditions have caused "maladaptive and diminished cognitive processes with resulting poor behaviors."  (*Id.* at 10).

To warrant compassionate release, a defendant must suffer from either a (1) terminal illness "with an end of life trajectory"; or (2) serious medical condition that "substantially diminishes" the defendant's ability to provide self-care while incarcerated and from which he is not expected to recover. U.S.S.G. § 1B.13(b)(1)(A)–(B).  Defendant shows neither of these circumstances exist, or that the effects of his conditions are similar in gravity to the circumstances above.  In sum, Defendant fails to show an extraordinary and compelling reason justifying his release under 18 U.S.C. § 3582(c)(1)(A).

---

[3] The Court notes that Defendant provided letters from his son, mother, sister, wife and mother in-law.  (Doc. 70-1 at 4–18).  From the letters it is clear that Defendant's wife is not incapacitated and that his son does not lack a caregiver.

6

Even if Defendant could demonstrate extraordinary and compelling reasons for compassionate release, the Court finds the section 3553(a) factors weigh against granting such relief.[4]  Defendant has served less than half of his sentence.  Moreover, his final Presentence Investigation Report documents an extensive criminal history, including multiple previous drug offenses.  (Doc. 37 ¶¶ 33, 40, 48–49).  Indeed, because of his criminal history, Defendant received a sentencing enhancement for being a career offender.[5]  (*Id.* ¶ 53).  The Court concludes that granting Defendant compassionate release would not adequately punish him for his conduct, reflect the seriousness of his crime, or deter those considering engaging in similar crimes.

In sum, Defendant fails to carry his burden to demonstrate compassionate release is warranted.  Thus, the Court denies his motion.

Accordingly, it is

**ORDERED**:

---

[4] The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

[5] The Eleventh Circuit affirmed the Court's sentence after Defendant challenged it.  (Docs. 57, 58).

Defendant Brantley Seymore's Motion for Compassionate Release (Doc. 70) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on June 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

8